# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ELISABETH A. FIERRO,**

> **Plaintiff,**

**-vs-**                                                            **Case No.  6:07-cv-809-Orl-22DAB**

**BEACHES SANDBAR, INC.,**

> **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR ATTORNEY'S FEES (Doc. No. 38)** |
| **FILED:** | **October 12, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

Plaintiff sued Defendant Beaches Sandbar, Inc. for pregnancy discrimination in employment.

Doc. No. 1.  The cause came on for trial and, on September 28, 2007, the jury rendered a verdict

(subsequently amended by Judge Conway) in the amount of $75,000 in favor of Plaintiff Elisabeth

Fierro and against Defendant Beaches Sandbar, Inc.  Doc. No. 33, 36, 37.  Plaintiff now moves for

attorney's fees of $21,832.50 as the prevailing party.  No opposition to the Motion has been timely

filed by Defendant.

The American Rule provides that in the absence of legislation providing otherwise, each party must pay their own attorney's fees. *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 244 (1975). Congress has provided limited exceptions to this rule, including 42 U.S.C. § 2000e-5(k), which allows the Court in its discretion to award a reasonable attorney's fee to prevailing parties in Title VII litigation. By virtue of a jury verdict returned on September 28, 2007, Plaintiff Elisabeth Fierro is the prevailing party and, absent special circumstances that are not alleged or present here, the Court finds that Plaintiff is entitled to an award of reasonable attorney's fees. *See Quintana v. Jenne*, 414 F.3d 1306, 1309 (11th Cir. 2005) (attorney's fees are typically awarded to successful Title VII plaintiffs as a matter of course).

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988). "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim,* 10 F.3d. 776, 781 (11th Cir. 1994) (per curiam); *see also Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Board of Education,* 775 F.2d 1565, 1571 (11th Cir. 1985)

It is presumed that most or all of the following factors are subsumed in the calculation of the lodestar:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case;

(11) the nature and length of any professional relationship with the client; and (12) awards in similar cases.

*Norman*, 836 F.2d 1292 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).  The going rate in the community is the most critical factor in setting the fee rate.  *Martin v. University of South Alabama,* 911 F.2d 604, 610 (11th Cir. 1990).  With respect to rates, an applicant may meet her burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates.  *Norman,* 836 F.2d at 1299.  In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. *Id.* at 1303.  With respect to hours, if an applicant's documentation "is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433.

The Court has reviewed the Motion for Attorney's Fees and the exhibits, as well as the applicable law and finds that the hourly rates are reasonable. However, certain time spent preparing Plaintiff's Petition to Perpetuate Testimony (Case No. 6:07-mc-37-DAB) before filing suit should be excluded.

### *Reasonable Rate*

The Court has carefully considered the *Norman*/*Johnson* factors listed above, as well as the affidavits and evidence (Doc. No. 38-2) presented by the parties.  Additionally, the Court is "itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees."  *Norman*, 836 F.2d at 1303.  Based upon a review of the evidence, the Court determines that the hourly rates charged are reasonable as the prevailing market rates for similar services: Frederic Morello, Esq., with 20 years experience and 14 years in specialized employment litigation – $300 per hour; and his associate, Michael Howard, Esq., with 4 years specialized

employment discrimination experience – $190 per hour; and $65 per hour for paralegal work. [DH and AS]

The rates sought are consistent with the rates awarded previously in this district for similarly experienced counsel. *See, e.g., American Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County*, 278 F.Supp.2d 1301, 1311-12 (M.D. Fla. 2003) (awarding rates of $250-275 for partner-level counsel with fourteen to twenty-three years experience and $190 for other attorney work in a Middle District of Florida civil rights case in June 2003).

### *The Amount of Hours*

Plaintiff's counsel claims 104.9 hours for time expended by counsel (98.6 hours) and paralegals (6.3 hours). Under *Hensley*: "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." 461 U.S. at 434. The Court, likewise must impose a "billing judgment" limit on the amount of time reasonably compensable in a particular case. Accordingly, a fee opponent's failure to explain exactly which hours he views as unnecessary or duplicative is generally viewed as fatal. *See Gray v. Lockheed Aeronautical Systems Co.*, 125 F.3d 1387 (11th Cir. 1997). Objections to time records must be specific and accompanied by an explanation supporting the challenge and, unless clearly non-compensable, all hours should be accepted. As in this case, when a defendant has not disputed the plaintiff's computation of the amounts in the time records, the adjusted totals will be calculated simply by subtracting from the plaintiff's total the amounts that are determined to be excludable.

In this case, before filing suit, Plaintiff *unsuccessfully* filed a Rule 27 Petition to Perpetuate Testimony in order to depose the record's custodian of Defendant Beaches in order to determine the actual number of employees that Beaches employed. *See* Case No. 6:07-mc-37-DAB. Plaintiff's

petition was denied because "A Rule 27 Petition is not the appropriate vehicle to discover the number of employees working at Beaches Sandbar prior to filing suit." *See* Case No. 6:07-mc-37-DAB, Doc. No. 4.  Plaintiff's counsel then filed suit on May 14, 2007 and successfully obtained a default against Defendant on July 10, 2007.  Doc. Nos. 1, 10.  Plaintiff's motions for default judgment and jury trial on damages were granted and a jury trial was held September 28, 2007.  Doc. No. 33.

Because the Court denied Plaintiff's Rule 27 Petition to Perpetuate Testimony, the time expended in researching and filing the Petition is not recoverable.  The Court finds that, after deducting 6.5 hours for time spent on the denied Rule 27 Petition, the remaining 98.4 hours are reasonable, though perhaps somewhat on the high side (given the default).  The bulk of the hours listed were spent preparing for trial or in trial on Plaintiff's claim for damages.

### Conclusion

The Court finds that a reasonable attorney's fee is **$$20,240.50** based on the following calculations:

| Attorney | Years of Experience | Hours Sought | Hours Awarded | Reasonable Rates | Total |
|---|---|---|---|---|---|
| Morello | 20 | 21.9 | 21.2 | $ 300 | $ 6,360.00 |
| Howard | 4 | 76.7 | 70.9 | 190 | 13,471.00 |
| Paralegals | varied | 6.3 | 6.3 | 65 | 409.50 |
| Total | | 104.9 | 98.4 | | **$20,240.50** |

It is respectfully **RECOMMENDED** that Plaintiff's Motion for Taxation of Attorney's Fees (Doc. No. 70) be **GRANTED in part** and Plaintiff be awarded **$20,240.50** in attorney's fees.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 7, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy